1   TRACY L. WILKISON
    Acting United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    KEVIN J. BUTLER (Cal. Bar No. 329129)
4   Assistant United States Attorney
    Violent and Organized Crimes Section
5   ANGELA C. MAKABALI (Cal. Bar No. 296824)
    Special Assistant United States Attorney
6   General Crimes Section
         1200 United States Courthouse
7        312 North Spring Street
         Los Angeles, California 90012
8        Telephone: (213) 894-6495/2331
         Facsimile: (213) 894-0141
9        E-mail:   kevin.butler@usdoj.gov
                   angela.makabali@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13        FOR THE CENTRAL DISTRICT OF CALIFORNIA

14  UNITED STATES OF AMERICA,          No. CR 19-287-DMG-6
                                       No. CR 20-534-DSF-2
15           Plaintiff,
                                       PLEA AGREEMENT FOR DEFENDANT
16           v.                        ARTAK OKHOYAN

17  ARTAK OKHOYAN,

18           Defendant.

19

20        1.   This constitutes the plea agreement between ARTAK OKHOYAN

21  ("defendant") and the United States Attorney's Office for the Central

22  District of California (the "USAO") in the above-captioned case.

23  This agreement is limited to the USAO and cannot bind any other

24  federal, state, local, or foreign prosecuting, enforcement,

25  administrative, or regulatory authorities.

26                    DEFENDANT'S OBLIGATIONS

27        2.   Defendant agrees to:

28

1        a.   At the earliest opportunity requested by the USAO and
2  provided by the Court, appear and plead guilty to count one of the
3  indictment in <u>United States v. ARTAK OKHOYAN</u>, CR No. 19-287-DMG,
4  which charges defendant with Conspiracy to Commit Bank Fraud in
5  violation of 18 U.S.C. § 1349 and counts one and four of the
6  indictment in <u>United States v. ARTAK OKHOYAN</u>, CR No. 20-534-DSF-2,
7  which charge defendant with Bank Fraud and Attempted Bank Fraud in
8  violation of 18 U.S.C. § 1344(2), 18 U.S.C. § 2(a).

9        b.   Not contest facts agreed to in this agreement.

10       c.   Abide by all agreements regarding sentencing contained
11  in this agreement.

12       d.   Appear for all court appearances, surrender as ordered
13  for service of sentence, obey all conditions of any bond, and obey
14  any other ongoing court order in this matter.

15       e.   Not commit any crime; however, offenses that would be
16  excluded for sentencing purposes under United States Sentencing
17  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
18  within the scope of this agreement.

19       f.   Be truthful at all times with the United States
20  Probation and Pretrial Services Office and the Court.

21       g.   Pay the applicable special assessment at or before the
22  time of sentencing unless defendant lacks the ability to pay and
23  prior to sentencing submits a completed financial statement on a form
24  to be provided by the USAO.

25       h.   Defendant agrees that any and all criminal debt
26  ordered by the Court will be due in full and immediately.  The
27  government is not precluded from pursuing, in excess of any payment
28  schedule set by the Court, any and all available remedies by which to

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3          i.   Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

10 criminal debt shall be assessed based on the completed Financial

11 Disclosure Statement and all required supporting documents, as well

12 as other relevant information relating to ability to pay.

13         j.   Authorize the USAO to obtain a credit report upon

14 returning a signed copy of this plea agreement.

15         k.   Consent to the USAO inspecting and copying all of

16 defendant's financial documents and financial information held by the

17 United States Probation and Pretrial Services Office.

18                    THE USAO'S OBLIGATIONS

19    3.   The USAO agrees to:

20         a.   Not contest facts agreed to in this agreement.

21         b.   Abide by all agreements regarding sentencing contained

22 in this agreement.

23         c.   At the time of sentencing, move to dismiss the

24 remaining counts of the indictment as against defendant.  Defendant

25 agrees, however, that at the time of sentencing the Court may

26 consider any dismissed charges in determining the applicable

27 Sentencing Guidelines range, the propriety and extent of any

28 departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment in case CR No. 19-287-DMG-6, that is, Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, the following must be true: (1) there was an agreement between two or more persons to commit bank fraud; and (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

5.   For defendant to be guilty of Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), which is the object of the conspiracy charged in count one of the Indictment in case CR No. 19-287-DMG-6, the following must be true: (1) defendant knowingly executed a scheme or plan to obtain money or property from Bank of America, Wells Fargo, or JP Morgan by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing a financial institution to part with money or property; (4) defendant acted with the intent to defraud; and (5) Bank of America, Wells Fargo, and JP Morgan were federally insured.

6.   For defendant to be guilty of Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), as charged in counts

4

one and four of the Indictment in case CR No. 20-534-DSF-2, the
following must be true: (1) defendant knowingly executed a scheme or
plan to obtain money or property from Citibank N.A. ("Citibank") or
Navy Federal Credit Union ("Navy Federal") by making false statements
or promises; (2) defendant knew that the statements or promises were
false; (3) the statements or promises were material; that is, they
had a natural tendency to influence, or were capable of influencing a
financial institution to part with money or property; (4) defendant
acted with the intent to defraud; and (5) Citibank was federally
insured, and Navy Federal Credit Union was a credit union insured by
the National Credit Union Share Insurance Fund.

Under 18 U.S.C. § 2, defendant can also be found guilty of the
crimes charged in counts one and four of the Indictment in case CR
No. 20-534-DSF-2 if he aided and abetted another person in committing
the crimes of Bank Fraud.  In order to be guilty of the crimes
charged in counts one and four of the Indictment in case CR No. 20-
534-DSF-2 through aiding and abetting, the following must be true:
(1) Someone else committed the crimes of Bank Fraud; (2) Defendant
aided, counseled, commanded, or procured that person with respect to
at least one element of the crimes of Bank Fraud; (3) The defendant
acted with the specific intent to facilitate the crimes of Bank
Fraud; and (4) Defendant acted before the crime was committed.

<u>PENALTIES AND RESTITUTION</u>

7.   Defendant understands that the statutory maximum sentence
that the Court can impose for each violation of Title 18, United
States Code, Section 1349 and 1344(2) is: 30 years imprisonment; a
five-year period of supervised release; a fine of $1,000,000 or twice

5

1   the gross gain or gross loss resulting from the offense, whichever is
2   greatest; and a mandatory special assessment of $100.

3       8.    Defendant understands that defendant will be required to
4   pay full restitution to the victim(s) of the offense to which
5   defendant is pleading guilty.  Defendant agrees that, in return for
6   the USAO's compliance with its obligations under this agreement, the
7   Court may order restitution to persons other than the victim(s) of
8   the offense to which defendant is pleading guilty and in amounts
9   greater than those alleged in the count to which defendant is
10  pleading guilty.  In particular, defendant agrees that the Court may
11  order restitution to any victim of any of the following for any
12  losses suffered by that victim as a result: (a) any relevant conduct,
13  as defined in U.S.S.G. § 1B1.3, in connection with the offense to
14  which defendant is pleading guilty; and (b) any counts dismissed
15  pursuant to this agreement as well as all relevant conduct, as
16  defined in U.S.S.G. § 1B1.3, in connection with those counts.  The
17  parties currently believe that the applicable amount of restitution
18  is approximately $459,706.00 but recognize and agree that this amount
19  could change based on facts that come to the attention of the parties
20  prior to sentencing.

21      9.    Defendant understands that supervised release is a period
22  of time following imprisonment during which defendant will be subject
23  to various restrictions and requirements.  Defendant understands that
24  if defendant violates one or more of the conditions of any supervised
25  release imposed, defendant may be returned to prison for all or part
26  of the term of supervised release authorized by statute for the
27  offense that resulted in the term of supervised release, which could
28

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration

1   status.   Defendant nevertheless affirms that he wants to plead guilty

2   regardless of any immigration consequences that his plea may entail,

3   even if the consequence is automatic removal from the United States.

4                          FACTUAL BASIS

5        12.   Defendant admits that defendant is, in fact, guilty of the

6   offenses to which defendant is agreeing to plead guilty.   Defendant

7   and the USAO agree to the statement of facts provided below and agree

8   that this statement of facts is sufficient to support a plea of

9   guilty to the charges described in this agreement and to establish

10  the Sentencing Guidelines factors set forth in paragraph 14 below but

11  is not meant to be a complete recitation of all facts relevant to the

12  underlying criminal conduct or all facts known to either party that

13  relate to that conduct.

14       In case CR No. 19-287-DMG-6, beginning on a date unknown, but

15  not later than May 2015, and continuing until at least October 2015,

16  in Los Angeles County, within the Central District of California, and

17  elsewhere, defendant conspired and agreed with others to commit bank

18  fraud.   Specifically, defendant and his co-conspirators agreed to

19  knowingly execute a scheme to obtain money owned by Bank of America,

20  JP Morgan, and Wells Fargo by means of materially false and

21  fraudulent pretenses, representations, and promises.   Defendant

22  joined the conspiracy knowing of its object and intending to help

23  accomplish it.

24       As part of the conspiracy, defendant and his co-conspirators

25  obtained genuine Armenian passports not in their names that had the

26  personal identifying information of the true passport holders, but

27  had been fraudulently altered to bear the photographs of defendant or

28  one of his co-conspirators.   Then, defendant and his co-conspirators

1   used the fraudulently altered passports and the personal identifying
2   information of the passport holders to open bank accounts at Bank of
3   America, JP Morgan, and Wells Fargo banks.  In doing so, defendant
4   and his co-conspirators concealed their true identities to the banks
5   and falsely represented to the victim banks that they were the true
6   passport holders.  Defendant knew that the statements he made to the
7   banks were false and that such statements were material in that they
8   had a natural tendency to influence the banks to part with money or
9   property.

10      Once the bank accounts were opened, defendant and his co-
11  conspirators made small deposits into and small withdrawals from the
12  accounts at Bank of America for the first 90 days in order to make
13  the accounts appear legitimate and encourage Bank of America to place
14  the accounts in good standing.  Once these accounts were in good
15  standing, defendant and his co-defendants would deposit forged or
16  fraudulent checks from other fraudulently opened checking accounts
17  into the Bank of America savings accounts.  In doing so, defendant
18  and his co-conspirators falsely represented to Bank of America that
19  the deposited checks were legitimate and that money existed in
20  legitimate bank accounts.

21      Later, defendant's co-conspirators accessed the Bank of America
22  accounts online and transferred money from the savings accounts into
23  the corresponding checking accounts so that the money was readily
24  available for withdrawal.  Then, defendant's co-conspirators withdrew
25  money from the fraudulently opened Bank of America accounts at casino
26  ATMs in Las Vegas and elsewhere.

27      At all times during the conspiracy, defendant acted with the
28  intent to defraud.  As part of his role in the conspiracy, defendant

used at least eight stolen identities to open bank accounts in the true passport holders' names by using Armenian passports with defendant's photograph and the personal identifying information of the true passport holders.  In addition, defendant assisted with the opening and use of bank accounts opened by his co-conspirators using at least 15 additional stolen identities.  The actual loss amount caused by defendant and by acts of his co-conspirators that were reasonably foreseeable to defendant is at least $193,706.00.

At all times relevant to this charged conduct, Bank of America, Wells Fargo and JP Morgan were federally insured.

In case CR No. 20-534-DSF-2, beginning on a date unknown, but no later than May 13, 2019, and continuing through at least June 11, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant and others, each aiding and abetting the other, committed or attempted to commit bank fraud. Specifically, defendant and others, knowingly and with intent to defraud, devised, executed, and attempted to execute a scheme to obtain monies, funds, assets, and other property owned by and in the custody and control of Citibank N.A. and Navy Federal, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

As part of the fraudulent scheme, defendant and others, each aiding and abetting the other, would obtain means of identification, including a credit card and an unauthorized check.  Defendant and others, each aiding and abetting the other, would use the means of identification to make unauthorized purchases at a luxury jewelry store in Beverly Hills, California.  In doing so, defendant and others, each aiding and abetting the other, falsely represented to

the victim bank and credit union that they were the authorized
account holders for the credit card and check, and concealed from the
victim bank and credit union that defendant and others made those
purchases without the authorized account holders' consent. At all
times during the scheme, defendant acted with the intent to defraud.

On or about May 13, 2019, defendant and others, each aiding and
abetting the other, used a Citibank N.A. credit card bearing the name
of R.H. to make a $30,000 purchase at the Beverly Hills store.
Similarly, on or about May 20, 2019, defendant and others, each
aiding and abetting the other, passed an unauthorized check for
$236,000 in the name of and bearing the Navy Federal account number
of H.G. to P.V., the owner of the Beverly Hills store. The actual
loss amount caused by defendant and others, each aiding and abetting
the other, that were reasonably foreseeable to defendant is at least
$266,000.00.

At all times relevant to this charged conduct, Citibank N.A. was
federally insured and Navy Federal Credit Union was a credit union
insured by the National Credit Union Share Insurance Fund.

<u>SENTENCING FACTORS</u>

13. Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a). Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will

11

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. §§ 2X1.1(a), 2B1.1(a)(1) |
| Specific Offense Characteristic: Loss Greater Than $250,000 | +12 | U.S.S.G. § 2B1.1(1)(G) |
| Specific Offense Characteristic: 10 or More Victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Specific Offense Characteristic: Possession of Authentication Feature | +2 | U.S.S.G. § 2B1.1(b)(11)(A)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1                    WAIVER OF CONSTITUTIONAL RIGHTS

2        17.   Defendant understands that by pleading guilty, defendant

3   gives up the following rights:

4             a.   The right to persist in a plea of not guilty.

5             b.   The right to a speedy and public trial by jury.

6             c.   The right to be represented by counsel -- and if

7   necessary have the court appoint counsel -- at trial.  Defendant

8   understands, however, that, defendant retains the right to be

9   represented by counsel -- and if necessary have the court appoint

10  counsel -- at every other stage of the proceeding.

11            d.   The right to be presumed innocent and to have the

12  burden of proof placed on the government to prove defendant guilty

13  beyond a reasonable doubt.

14            e.   The right to confront and cross-examine witnesses

15  against defendant.

16            f.   The right to testify and to present evidence in

17  opposition to the charges, including the right to compel the

18  attendance of witnesses to testify.

19            g.   The right not to be compelled to testify, and, if

20  defendant chose not to testify or present evidence, to have that

21  choice not be used against defendant.

22            h.   Any and all rights to pursue any affirmative defenses,

23  Fourth Amendment or Fifth Amendment claims, and other pretrial

24  motions that have been filed or could be filed.

25                   WAIVER OF APPEAL OF CONVICTION

26       18.   Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty plea was involuntary, by

28  pleading guilty defendant is waiving and giving up any right to

13

1    appeal defendant's convictions on the offenses to which defendant is

2    pleading guilty.  Defendant understands that this waiver includes,

3    but is not limited to, arguments that the statute to which defendant

4    is pleading guilty is unconstitutional, and any and all claims that

5    the statement of facts provided herein is insufficient to support

6    defendant's plea of guilty.

7                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8         19.  Defendant agrees that, provided the Court imposes a total

9    term of imprisonment within or below the range corresponding to an

10   offense level of 20 and the criminal history category calculated by

11   the Court, defendant gives up the right to appeal all of the

12   following: (a) the procedures and calculations used to determine and

13   impose any portion of the sentence; (b) the term of imprisonment

14   imposed by the Court; (c) the fine imposed by the court, provided it

15   is within the statutory maximum; (d) to the extent permitted by law,

16   the constitutionality or legality of defendant's sentence, provided

17   it is within the statutory maximum; (e) the amount and terms of any

18   restitution order, provided it requires payment of no more than

19   $459,706; (f) the term of probation or supervised release imposed by

20   the Court, provided it is within the statutory maximum; and (g) any

21   of the following conditions of probation or supervised release

22   imposed by the Court: the conditions set forth in General Order 18-10

23   of this Court; the drug testing conditions mandated by 18 U.S.C.

24   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

25   authorized by 18 U.S.C. § 3563(b)(7).

26        20.  The USAO agrees that, provided (a) all portions of the

27   sentence are at or below the statutory maximum specified above and

28   (b) the Court imposes a term of imprisonment within or above the

                                    14

range corresponding to an offense level of 20 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

15

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

18

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2         30.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKINSON
     Acting United States Attorney

9

10   _____          10/12/2021
     KEVIN J. BUTLER                             _____
11   Assistant United States Attorney            Date
     ANGELA C. MAKABALI
12   Special Assistant United States
     Attorney

13                                                  10 / 08 / 21
     _____          _____
14   ARTAK OKHOYAN                               Date
     Defendant

15

16                                                  10/11/21
     _____          _____
17   JILBERT TAHMAZIAN, ESQ.                     Date
     Attorney for Defendant
     ARTAK OKHOYAN
18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  This agreement has been read to me in Armenian, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _10/08/21_____

ARTAK OKHOYAN                             Date
Defendant

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF INTERPRETER

I, MARAL DARAKJIAN                        , am fluent in the
written and spoken English and Armenian languages.  I accurately
translated this entire agreement from English into Armenian to
defendant ARTAK OKHOYAN on this date.

_____          10/11/21
INTERPRETER                                Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ARTAK OKHOYAN's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          10/11/21
JILBERT TAHMAZIAN, ESQ.                    Date
Attorney for Defendant
ARTAK OKHOYAN

21